IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GORGEOUS GALS, LLC DBA HEY GORGEOUS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  1:16-cv-00903 |
| v. | § § | JURY DEMANDED |
| HEY GORGEOUS! SPA & WELLNESS LLC, | § § § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff Gorgeous Gals, LLC DBA Hey Gorgeous ("Plaintiff" or "Hey Gorgeous"),

appearing through its undersigned counsel, alleges as follows:

## I.  NATURE OF ACTION AND JURISDICTION

1.      This is an action for trademark infringement and unfair competition under the

Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and trademark

infringement, unfair competition, and unjust enrichment under Texas common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to

Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and

Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over

the state law claims under 28 U.S.C. § 1367(a).

3.      The Court has personal jurisdiction over Defendants as they purposefully availed

themselves of benefits of conducting business in Texas by selling infringing products in this

State and Judicial District. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b).

738148v.3

## II.    PARTIES

4.      Plaintiff Hey Gorgeous maintains its principal office at 1902 West Koenig Lane, Austin, TX 78756.

5.      Defendant Hey Gorgeous! Spa and Wellness LLC is a Texas entity with a principal place of business at 6025 Tezel Road, Suite 101, San Antonio, TX 78209.

## III.    FACTS

### A.    PLAINTIFF HEY GORGEOUS AND ITS TRADEMARK "HEY GORGEOUS"

6.      Plaintiff offers a range of spa services, including facials, body and face waxing, lash and brow tints, and chemical peels.

7.      Since at least January of 2012, Plaintiff Hey Gorgeous has used the HEY GORGEOUS Mark, shown below (the "Mark"), in connection with its high-quality and highly-successful spa services.




Representative printouts from Plaintiff's website and other marketing materials showing Plaintiff's use of the HEY GORGEOUS Mark in association with its spa services are attached hereto as Exhibit A.

8.      Plaintiff's HEY GORGEOUS Mark readily serves to identify and indicate the source of the Plaintiff's spa services to the consuming public.

9.      As a result of Plaintiff's long use and promotion of the HEY GORGEOUS Mark, the Mark has become distinctive to distinguish Plaintiff and its spa services from those of others, and to distinguish the source or origin of Plaintiff's services.  As a result of these efforts by Plaintiff, the consuming public in Texas and throughout the United States widely recognizes and associates the HEY GORGEOUS Mark with Plaintiff Hey Gorgeous.

10.     In accordance with the provisions of federal law, Plaintiff Hey Gorgeous has filed for registration of the HEY GORGEOUS Mark which is pending at the United States Patent and Trademark Office.[1]

11.     In accordance with the provisions of Texas law, Plaintiff Hey Gorgeous owns registration of the HEY GORGEOUS Mark with the Office of the Secretary of State of the State of Texas. *See* Reg. No. 801764907.  This registration is valid and subsisting. A true and correct copy of this registration is attached hereto as Exhibit B.

12.     As a result of Plaintiff's use and promotion of the HEY GORGEOUS Mark in Texas and elsewhere, Plaintiff has acquired valuable common law rights in the HEY GORGEOUS Mark.

## B.      DEFENDANTS' INFRINGING ACTIVITIES

13.     Defendant operates a spa offering competing spa services, including facials, body and face waxing, and chemical peels.

---

[1] Serial No. 87029964.

14.   Defendant promotes its competing spa services, shown below, on at least their website, www.heygorgeous-spa.com, Yelp, Groupon, and on Facebook, under the mark "Hey Gorgeous."



Representative printouts from Defendant's website and other marketing showing Defendant's' use of "Hey Gorgeous" in association with its spa services are attached hereto as Exhibit C.

15.   Defendant's use of "Hey Gorgeous" in association with its competing spa services is confusingly similar to Plaintiff's spa services and registered HEY GORGEOUS Mark.

16.   There have been instances of actual confusion experienced by both consumers and distributors of skincare products.  New clients have expressed confusion as to whether Defendant's business is another location owned by Plaintiff Hey Gorgeous and in at least one

occasion, a distributor of Plaintiff Hey Gorgeous has mistakenly sent correspondence to Defendant's address.

17.     Defendant has been aware of Plaintiff's rights in the HEY GORGEOUS Mark, evidenced at least by its correspondence with Plaintiff upon the actual confusion experienced by distributors of skincare products.

18.     Defendant is using "Hey Gorgeous" in commerce.

19.     Defendant is not affiliated with or sponsored by Plaintiff Hey Gorgeous and has not been authorized by Plaintiff to use the HEY GORGEOUS Mark or any confusingly similar marks in relation to spa services.

20.     Plaintiff has notified Defendant of Plaintiff's rights in the HEY GORGEOUS Mark yet Defendant has ignored Plaintiff's attempts to resolve this matter outside of litigation.

C.      **EFFECT OF DEFENDANT'S ACTIVITIES**

21.     Defendant's unauthorized use of "Hey Gorgeous" has and is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with Plaintiff Hey Gorgeous, or as to the origin, sponsorship, or approval of Defendant's spa services.

22.     Defendant's unauthorized use of "Hey Gorgeous" falsely designates the origin of its services, and falsely and misleadingly describes and represents facts with respect to Defendant's services.

23.     Defendant's unauthorized use of "Hey Gorgeous" enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by Plaintiff Hey Gorgeous, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Plaintiff, its HEY GORGEOUS Mark, and its services.

24.     Defendant's unauthorized use of "Hey Gorgeous" unjustly enriches Defendant at Plaintiff's expense.  Defendant has been and continue to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the HEY GORGEOUS Mark owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

25.     Defendant's unauthorized use of "Hey Gorgeous" removes from Plaintiff the ability to control the nature and quality of services provided under the HEY GORGEOUS Mark, and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

26.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

**IV.     COUNT I:  FEDERAL TRADEMARK INFRINGEMENT**

27.     Plaintiff repeats the allegations above as if fully set forth herein.

28.     Defendant's unauthorized use of "Hey Gorgeous" in connection with the sale, offering for sale, distribution, and/or advertising of spa services, is likely to cause confusion or mistake or to deceive customers into falsely believing that Defendant's services come from Plaintiff, or that Plaintiff has approved of or sponsored Defendant's services, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.     Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the HEY GORGEOUS Mark, and with intent to cause confusion and to trade on Plaintiff's goodwill in the

HEY GORGEOUS Mark.  In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## V.      COUNT II:  FEDERAL UNFAIR COMPETITION

30.      Plaintiff repeats the allegations above as if fully set forth herein.

31.      The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## VI.      COUNT III:  TRADEMARK INFRINGEMENT UNDER TEXAS LAW

32.      Plaintiff repeats the allegations above as if fully set forth herein.

33.      Defendant's unauthorized use of "Hey Gorgeous" in connection with the sale, offering for sale, distribution, and/or advertising of spa services, is likely to cause confusion or mistake or to deceive customers into falsely believing that Defendant's services come from Plaintiff, or that Plaintiff has approved of or sponsored Defendant's services, all in violation of Texas Business & Commerce Code § 16.102.

## VII.      COUNT IV:  COMMON LAW TRADEMARK INFRINGEMENT

34.      Plaintiff repeats the allegations above as if fully set forth herein.

35.      The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## VIII.   COUNT V:  COMMON LAW UNFAIR COMPETITION

36.      Plaintiff repeats the allegations above as if fully set forth herein.

37.      The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## IX.  COUNT VI:  UNJUST ENRICHMENT

38.    Plaintiff repeats the allegations above as if fully set forth herein.

39.    The acts of Defendant complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a)    Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the "Hey Gorgeous" and any other mark that is confusingly similar to Plaintiff's HEY GORGEOUS Mark, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b)     Defendant be ordered to take all steps necessary to destroy any materials bearing the "Hey Gorgeous" mark;

(c)    Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant have complied with the injunction;

(d)     Plaintiff recover all damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(e)    An accounting be directed to determine Defendant's profits resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(f)    Plaintiff recover its reasonable attorney fees;

(g)     Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(h)     Plaintiff recover such other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED:  July 25, 2016                    Respectfully submitted,

_/s/ Joshua Jones_____
Joshua Jones
Texas State Bar No. 24065517
C. Bentley Harris
Texas State Bar No. 24076428
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
jjones@reedscardino.com
bharris@reedscardino.com

**ATTORNEYS FOR PLAINTIFF
GORGEOUS GALS LLC DBA
HEY GORGEOUS**