IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GORGEOUS GALS, LLC d/b/a<br>HEY GORGEOUS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HEY GORGEOUS! SPAY &<br>WELLNESS LLC,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br>1:16-CV-903-RP |

## ORDER

Before the Court is Defendant's Opposed Motion to Transfer Venue, (Dkt. 9), and the responsive pleadings thereto. After reviewing the pleadings, the relevant case law, and the entire case file, the Court issues the following Order.

## I. Background

Plaintiff Gorgeous Gals, LLC d/b/a "Hey Gorgeous" ("Plaintiff") is a spa-services provider located in Austin, Texas. (Compl., Dkt. 1, ¶¶ 4,6). Defendant Hey Gorgeous! Spa and Wellness, LLC ("Defendant") is a spa-services provider located in San Antonio, Texas. (*Id.* ¶¶ 5,13). Plaintiff brought this action against Defendant, alleging trademark infringement and unfair competition under the Trademark Act of 1946 and trademark infringement, unfair competition, and unjust enrichment under Texas common law. (*See generally* Compl., Dkt. 1). On October 31, 2016, Defendant filed its Opposed Motion to Transfer Venue. (Dkt. 9). That motion requests that the Court transfer this lawsuit to the San Antonio division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a) ("Section 1404"). (*Id.*). Plaintiff filed its Response, which requests that the Court deny the motion, on November 4, 2016. (Dkt. 15).

## II. Legal Standard

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen AG*, 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

While a court should consider the plaintiff's venue choice, that choice is neither conclusive nor determinative. *In Re: Horsehoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the party seeking transfer must show "good cause": a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the

2

convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. *In Re: Horseshoe Entertainment,* 337 F. 3d at 434. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

The Court now turns to a consideration of the factors detailed above.

### III. Analysis

As a preliminary matter, the Court notes that this action could have been brought in the San Antonio division of the Western District of Texas. A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. § 1391(b)(1). For purposes of determining venue, a defendant entity shall be deemed to reside in any judicial district in which that defendant is subject to the court's personal jurisdiction with respect to the civil action in question. *Id.* § 1391(c)(2). In this case, Defendant admits that its principal place of business is in San Antonio, Texas. (Compl., Dkt. 1, ¶ 5; Answer, Dkt. 10, ¶ 5).

Both parties dispute the implications of all four private-interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. The parties largely agree, however, that most of the public-interest factors do not weigh strongly in favor of or against transfer. The only public-interest factor Defendant raises in its motion is whether there would be local interest in having the case decided in the San Antonio division.

*A. Private-Interest Factors*

The Court first considers the relative ease of access to sources of proof. Defendant argues that because it has only one store, which is located in San Antonio, it "must follow logically that access to proof would be located in San Antonio." (Mot. Transfer, Dkt. 9, at 3). However, Plaintiff—and all of its documents—are located in Austin. (Pl.'s Resp., Dkt. 15, at 1). Moreover, the fact that Defendant is located in San Antonio does not necessarily indicate that sources of proof are exclusively located in San Antonio. This is especially true given Plaintiff's allegations that sources of proof are located in Austin because: (1) defendant advertises its goods and services in the Austin area; and (2) there is evidence that consumers confusion has occurred in Austin. (*Id.* at 4*)* Acknowledging Plaintiff's allegations, the Court concludes this factor weighs against transfer.

The parties also dispute the comparative availability of compulsory process to secure the attendance of witnesses. Federal Rule of Civil Procedure 45(c)(1) states that a subpoena may command a person to attend a trial, hearing, or deposition either (1) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (2) when the person if a party or a party's officer or would not incur substantial expense by attending trial, within the state where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(A)–(B). Defendant alleges that because Plaintiff and Defendant are located "nearly 100 miles apart," calling a witness to testify would require a witness to travel a substantial distance to Austin. (Mot. Transfer, Dkt. 9, at 3). However, Defendant fails to identify any non-party witness unwilling to travel, to identify any witness outside of the 100-mile area, or to describe why a video deposition would be inappropriate. (Pl.'s Resp., Dkt. 15, at 6). Likewise, Plaintiff—though it states that it has identified non-party witnesses who are located in the Austin area and would be inconvenienced by the transfer—did not identify those witnesses in its Response. (*Id.* at 7). As such, the Court finds that this factor does not weigh in favor of transfer.

With respect to the impact of venue on the cost of attendance for willing witnesses, Defendant argues that (1) there could be an increase in travel-related expenses (such as taxis, gas, flights, meals, and lodging) if Defendant's representatives are asked to travel greater than 100 miles; and (2) Defendant may suffer lost opportunity costs should its representative(s) have to miss work to travel to a different city for trial-related activities. (Mot. Transfer, Dkt. 9, at 4). Plaintiff counters that—should Defendant's motion be granted—it would be equally, or even disproportionately, affected by both of these issues because all three of its employees would be necessary parties to the litigation, perhaps forcing Plaintiff to forfeit revenue on trial days. (Pl.'s Resp., Dkt. 15, at 6). As the parties are alleging nearly identical potential inconveniences, the Court finds that this factor does not favor transfer.

Finally, with respect to "all other practical problems that make the case's trial easy, expeditious, and inexpensive," Defendant asserts that transferring the case to the San Antonio division will not cause delay because the case is "in its infancy." (Mot. Transfer, Dkt. 9, at 4). Judicial economy is a "paramount consideration when determining whether a transfer is in the interest of justice," *In re Vistaprint Ltd,* 628 F.3d 1342, 1346 (Fed. Cir. 2010), but the infancy of this case does not suggest that transferring venue would make the case's trial easier, more expeditious, or less expensive. As such, this factor does not weigh in favor of transfer.

### B. *Public-Interest Factors*

The only contested public-interest factor raised by Defendant is the desirability of having localized interests decided in a party's home district.[1] Defendant argues that the alleged wrongdoing occurred in San Antonio, that "Defendant has no presence in Austin," and that "Plaintiff cannot identify any wrongdoing in the Austin area." (Mot. Transfer, Dkt. 9, at 5). Plaintiff responds by

---

[1] Defendant asserts that the remaining public-interest factors are "neutral" and thus not relevant to the court's resolution of the instant motion. (Mot. Transfer, Dkt. 9, at 4). As such, the Court finds that these factors do not favor transfer.

asserting that Defendant has engaged in marketing efforts in the Austin area, which Plaintiff alleges has confused Austin-based customers. (Pl.'s Resp., Dkt. 15, at 7). Plaintiff, a small business operating in Austin since 2012, further argues that the city of Austin has a substantial local interest in this litigation. (Pl.'s Resp., Dkt. 15, at 7). Because one party is located in Austin, one party is located in San Antonio, and each party has demonstrated the local interest of their respective divisions, the Court finds that this factor does not weigh in favor of transfer.

## IV. Conclusion

A motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *Volkswagen of Am., Inc.*, 545 F.3d at 315. For the reasons detailed above, the Court finds that Defendant has not met that burden. Accordingly, Defendant's Motion to Transfer Venue (Dkt. 9) is hereby **DENIED**.

**SIGNED** on November 15, 2016.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE